Judge Mills
delivered the opihion.
TbL is an action of assumpsit brought by the appellee against the President, Directors and Company of the Frankfort Bank. On the general issue being pleaded, the cause progressed to trial; and, after the appellee’s evidence was adduced, the counsel for the defendants moved the co-'rt to instruct the jury as in tase of a nonsuit. This motion was overruled, and a verdict and judgment rendered for the appellee; from which the Bank has appealed. — < The declaration of the plaintiff below contains bnt one count, for work and labor done and performed by him, as ⅛ mechanic, at the appellants’ special instance and request, in and about making an iron vault for the use of the bank,, and concludes with a quantum meruit, (n the usual form;
On the trial, the appellee proved that he furnished the materials, and in his shop made, for the bank, a vault, at the inconvenience of discontinuing other business, and dis-ebliging his customers; and that he set Up the vault in the banking house ot the president, directors and company of the Frankfort Bank, in the presence of the president of me institution, who superintended the whole work, and expressed ins entire satisfaction with it after it was completed: *2 T'Lat Ihe labor was worth what he claimed for it, and (hat the institution, ever since the erection of the vauil, used it for the purposes of banking, and never expressed any dissatisfaction therewith. But no express agreement or'premise to pay for the labor aforesaid was proved.
After a defendant ap-per.f-b and p eads the generatmsuc, ii is too late to object U» the process.
A corporation can only -bir.d itself by its ;e:d. unless otner provision is nude by the acf creating it. — Vide 1st jfriarsli. 105, acc.
'Die assignment of errors questions the sufficiency of the process, served and returned, to warrant the judgment — We conceive it is too late to take this exception. The defendants appeared and pleaded ta the merits. The process, therefore, cannot now be questioned. The main qu' s-. tion, then, to be decided, is that presented by the next assignment of error, to wit: Can this action of assumpsit be sustained against the bank? It necessarily results from the incorporation of a number of individuals intoohe body, making what may be «tiled an immaterial person, that the united will of the whole, or at least a majority of its members or representatives, should be the will of tha> immaterial existence, which is acknowledged by law. Of necessity the law must fix upon some certain evidence to prove what that will really is, and that it has been ascertained. It cannot be ascertained by the separate voice and expressions of all, or any of the individuals composing it; for, on deliberating together in an official form, their determination may be quite different. After the determination is made, it is necessary that the law should fix on some evidence o f it, which would bind the whole, and would be unerring and certain, and exclude all other kinds, as doubtful, and leading to a perplexing variety of exceptions, calculated to enhance litigation. This evidence is the seal of the corporation, which has been adopted by a train of decisions in the English courts too numerous to be shaken, and which need not be here cited. The principle has been adopted by this court in the case of the Madison hemp and flax spinning company, and Levet, as well as other cases. It is true that a statute which creates a corporation, may autho-rise it to speak by other means than a seal. But if it is not thus authorised, the common law supplies the seal as the universal mode. It is trde that this corporation is au-thorised to speak and make contracts for sums of money, by notes signed bv the president and countersigned by the cashier. But the insertion of this provision shews, that such notes would have been invalid without it; and that it was designed so far to change the common law provisions, which would attach on its creation. The best way, then/, *3 to construe its po'.vers, is to allow it to be just such a creature as the statute makes it, and to bind itself by the modes there pointed out in casts where it is authorised thus to contract; but to leave it to general rules known and long established in other cases. We.have been led to consider the case in the supreme court of the United States, of the Bank of Columbia vs. Patterson, 7 Crunch, 299, which was relied on in argument, and which has decided this point difierentiy. We regret to differ in opinion with that tribunal, not on account of the obligatory force of its decisions on this court, in a case situated as the present; hut on account of the respect we have towards the learning and talents of the judges filling such an exalted station, and because both courts, in their appropriate spheres, are courts of the last resort, and between such harmony is very desí. rabie. But we must be pardoned in saying, that we do not perceive the conclusive force of the reasoning used in ¡he case cited, sufficiently, to induce us to make the assumpsit of a bank an exception to that of other corporations. Toe onlv color for an exception, arises from the consideration, that a bank is expected to deal much in money, and to receive many deposits, whereby it may create many promises, either express or implied, from which it might be released, to the great detriment of individuals. Evil consequences, resulting from a legal principle, in every case wliere the court has choice of sides, ought, we admit, to induce if to take that fraught with the fewest evils. But to make an exceptiou to a general rule, barely on that account, iu a case where the reason of the rule exists and applies with all its force, because the corporation may have adopted practices, in which individuals had so far concurred, as to produce evil consequences, from the non-existence of responsibility on the part of the bank, would be too arbitrary, and would be warping the rule to circumstances, and measuring it by our feelings, instead of acquiring that circumstances, in their origin, should conform to the rule.
We are, therefore, of opinion, that this action against the bank cannot be supported. We are consoled, in giving this decision against a claim so well supported by proof, in the thought, that uo judgment here rendered wall bar the claim of the appellee against any individuals, who, pretending to represent the bank, have induced bun, thus incautiously, to spend so much time and labor without any adequate compensation.
Hardin for plaintiff, lulbot centra.
The judgment of the court below must be reversed, an4 **le ‘-mst rtmatided to that co'.rl, with directions there to dismiss tlit suit of tile appellee with costs.