JUDGE WOOD
DELIVERED THE OPINION OF THE COURT:
A corporation cannot be bound by a contract made by its president, or any individual member of the corporation, unless the power so to bind the company is given to the individual members by the act of incorporation, or of^the corporation.
“ It necessarily results from the incorporation of of individuals into one body, making what may ' immaterial person, that the united will of the whole^ a majority of its members or representatives, shoul will of that immaterial existence, which is acknowledged by the law.” (Macbean vs. Irvine’s ex'or, 4 Bibb, 17; Frankfort Bank vs. Anderson, 3 Mar., 2.)
By the charter of the corporation, now the appellant, no such power to bind the corporation by contract is conferred upon the president, or any member, or number of individual members acting separately. To bind the corporation the expression of its will must be had in some form.
According to the old rule, the will of a corporation could be evidenced in no other mode than by the seal of the corporation. (3 Marshall, supra.)
According to the opinion of this court in the case of the Frankfort Bridge Company vs. The City of Frankfort, (18 B. Mon., 41,) this rule, however, did not apply to acts and votes passed by such corporations at their corporate meetings.
It is held, further, in that case, that “tbe modern doctrine is, that corporations may be bound by express promises made by their authorized agents, or that promises may be implied fi'om their acts, or the acts of their agents.”
*552 Nevertheless, to bind the corporation by such promises made by agents, it must be shown that the agent possessed authority from the corporation to make the promises. And if the effort is to bind the corporation by an implied promise, the evidence must show acts of the corporation, or acts of an agent authorized to make the promise, from which the promise may be implied.
The assent of the corporation must, in some form, be proved. (Angell & Ames on Corporations, chap. 8, p. 229, and numerous authorities cited in the chapter. See also chap. 9, same work, title Agents.) If the acts of an agent are relied on, they must be within the scope of his authority, and the authority must be shown. (Bank of Columbia vs. Patterson’s adm'r, 7 Cranch's Reports, 305.)
In the first instruction given by the court to the jury this principle was disregarded altogether. It tells the jury that the promise of the president is sufficient to bind the company, without any reference to the authority which he may have for that purpose, or a subsequent ratification of such promise by the company.
The simple act of the president, whether authorized by an antecedent act of the corporation, or ratified by a subsequent act or acts or not, is held by the circuit court to be enough to bind the corporation.
In the instruction asked by the defendant, (now appellant,) this point was made distinctly and separately to the court. The court was asked, in substance, to instruct the jury that a promise by the president did not bind the corporation, unless it was proved that he was authorized by the corporation to make the promise. This instruction was refused. Such an instruction as this the defendant was entitled to, and should have been given.
The court therefore erred in giving the instruction asked for by the plaintiff, and in refusing the one asked for by the defendant.
The case of the Frankfort Bridge Company vs. Frankfort does not sustain the rulings of the circuit court, as is contended in argument by the counsel of appellee.
*553 We do not perceive any other substantial error in the record.
But for the errors aforesaid, the judgment of the circuit court is reversed, and the cause remanded, with directions to set aside the verdict and award a new trial, and for further proceedings not inconsistent with this opinion.