**UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**Ann M. PALMER, et al., Defendants,**
**Appellees,**

**Philip F. Mulvey, Jr., Defendant,**
**Appellant.**

No. 91–1387.

United States Court of Appeals,
First Circuit.

Heard Dec. 5, 1991.

Decided Feb. 5, 1992.

Alexander H. Pratt, Jr., with whom Harvey Weiner and Peabody & Arnold, Boston, Mass., were on brief, for Philip P. Mulvey, Jr.

Peter R. Tritsch, Dallas, Tex., with whom George S. Chefitz, Newton, Mass., was on brief, for Ann M. Palmer and Peter R. Tritsch.

Before TORRUELLA, Circuit Judge, COFFIN and BOWNES, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

This appeal is hopefully the occasion for interment of an agonizingly long dispute over an attorney's fee between two counsel for a plaintiff with whom the United States reached a settlement. The present dispute is not even over the fee, which has been

awarded in its entirety to appellee Tritsch, but over the form of the judgment. Appellant Mulvey argues that it should have taken the form of a dismissal of his cross claim alleging an express fee-sharing contract, filed in the interpleader action brought by the United States.[1] The court, however, entered a default judgment against Mulvey, after his substantial and prolonged failure to comply with discovery orders. The judgment recited that facts pleaded by Tritsch in response to the cross claim established a breach of the express contract by Mulvey, disentitling him to any fee. Mulvey made no effort to obtain modification of the judgment under Fed. R.Civ.P. 60(b)(6) and did not otherwise raise the issue below, although given more than ample notice of the court's intention.[2] We affirm.

We set forth a brief synopsis of the relevant proceedings in this four-year ordeal. In May 1987 the United States filed its complaint in interpleader, tendering settlement checks and seeking a declaration as to which attorney, Tritsch or Mulvey, should receive the funds. A conference was promptly held and the court ordered that $11,000 of the settlement be deposited in an escrow account to await agreement of the parties or order of the court.

Tritsch (and Palmer) filed an answer, requesting principally that the court determine that Mulvey was not entitled to any fee. Subsequently, Mulvey filed his answer with a cross claim against Tritsch (and Palmer), alleging that they had agreed to pay him 30 percent of any fees. Tritsch (and Palmer) replied, admitting the express contract, but setting forth three "affirmative defenses" alleging breach of contract. Tritsch claimed that Mulvey failed to prosecute Palmer's claim with zeal, failed to act competently, and resigned without consent of Palmer and Tritsch, all contravening the standards set forth in Rule 3:07 of the Rules of the Supreme Judicial Court of Massachusetts.

Very little then happened, except discovery and an abortive effort by Mulvey to have the case assigned to a Magistrate–Judge. In July 1990 the district court imposed sanctions on Mulvey for "incomplete and evasive" answers to a Second Request for Production and stated no fewer than three times that further failure to comply with orders would result in the additional sanction of a default judgment. Late in the year Tritsch filed a motion for default, which Mulvey opposed by professing compliance with all requests. The court granted the motion in February 1991, having found that Mulvey had "continu[ed] to make evasive and incomplete responses."

This action led to a hearing on March 4, 1991 in which the only issue was the form of final judgment. In response to a contention by Mulvey's counsel that the count for an express fee allocation contract had not been adjudicated, the court patiently explained that the "affirmative defense" allegations of Tritsch and Palmer in response to Mulvey's cross claim had, by the default judgment, been determined against Mulvey. Mulvey's only response at this juncture was to attempt to reopen the question of his resignation and that of his violation of the court's orders.

At a hearing a week later, on March 11, Mulvey's counsel made an offer in open court to end the matter by giving to Tritsch all of the principal and interest held in escrow, together with costs, "and he goes away and we go away." Counsel submitted a proposed form of judgment containing these propositions and ending with a statement that, "as the Court has heard the arguments of counsel and has delivered due deliberation on this matter, and having rendered it's [sic] opinion dated March, 1991, that the defendant, Philip F. Mulvey, Jr., take nothing, and that this matter be dismissed on its merits." Tritsch also submitted a proposed form of judgment, set-

---

1. The interpleader action was brought against Ann M. Palmer, the plaintiff in the cases settled, and her two attorneys of record, Philip P. Mulvey, Jr. and Peter R. Tritsch. While Palmer is technically an appellee, along with Tritsch, this appeal is in reality a contest between Tritsch and appellant Mulvey.

2. Mulvey's counsel on appeal did not represent him in the proceedings in the district court.

ting forth as findings the substance of his "affirmative defenses," and he also requested findings of fact as a basis for possible future sanctions. The court declined to take this latter step, reasoning that the default had made unnecessary any further findings and that laying a basis for future sanctions was premature.

The court then asked if Mulvey's counsel had any problem with Tritsch's proposed form of judgment. Counsel made this reply: "[T]his is a proposed judgment—without agreeing, because I did make an offer here in open court and I don't want to have my offer just outstanding and then say that I've agreed to a judgment and that we won't appeal it. That's what I'm saying, your Honor." The court responded: "Well, all right. I will consider your proposed form as well and I understand for the record that there is no agreement." Shortly thereafter the court issued its Final Judgment, ordering payment of the total fee to Tritsch and, in a prefatory paragraph, stating, "the court having determined that this default judgment established the well-pleaded facts alleged in the pleadings of defendants Palmer and Tritsch against defendant Mulvey and thereby established a breach by defendant Mulvey of his contract ... for legal services ... by reason of which breach defendant Mulvey is not entitled to any fee...."

This is the language to which appellant objects, both because it reflects unfavorably upon his conduct as an attorney and because of possible impact in future litigation by way of collateral estoppel. A simple dismissal on the merits of his cross claim, he urges, was all that was required.

■ The crucial question on this record is whether Mulvey has preserved the right to challenge the form of the judgment. His brief is bereft of any recognition of this question. In oral argument he contended that the submission of his proposed judgment form, which we have quoted, ending with a statement that the case was dismissed on its merits, was sufficient to alert the court to the issue, especially since the court said it would consider that proposed form. We cannot agree. We have

rehearsed the procedural history of the case in some detail to show that the court foreshadowed the possibility of a default judgment, and the specific nature of that judgment, i.e., that it would establish the "affirmative defenses" pleaded by Tritsch in his answer to Mulvey's cross claim. Mulvey at no time objected to this approach; he merely repeated earlier claims that he had complied with all discovery orders and argued the merits of the allegations. Not only was the court never alerted to any issue concerning form of decree before final judgment, but there was no subsequent effort to invoke the remedial opportunity afforded by Fed.R.Civ.P. 60(b)(6) to seek relief from final judgment for "any other reason justifying relief from the operation of the judgment."

We need only refer to one of our recent decisions, where we said:

> [Appellant] did not raise this issue below and is precluded from entertaining it on appeal. In the words of a recent opinion rejecting such an appeal:
>
>> We have applied this proposition in well over a hundred cases since *Johnston v. Holiday Inns*, 595 F.2d 890 (1st Cir.1979). We therefore are confined to determining whether or not this is a case "where a gross miscarriage of justice would occur".... [and where] the new ground [is] "so compelling as virtually to insure appellant's success." *Id.* at 894 (citations omitted).

*United States v. McMahon*, 935 F.2d 397, 399–400 (1st Cir.1991) (quoting *Hernandez–Hernandez v. United States*, 904 F.2d 758, 763 (1st Cir.1990)).

In oral argument appellant reminded us that "there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, ... or where 'injustice might otherwise result,'" *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) (citations omitted).

■ Neither formula avails appellant. We see no egregious error in the form of default judgment entered in this case. We grant that in the ordinary case, where sanc-

tions for noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is dismissal of the complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant. But in this interpleader action, both Mulvey and Tritsch were at once plaintiffs and defendants, seeking a share of the fee disputed by the other. Tritsch and Palmer in their answer to the interpleader complaint had asked for a declaration that Mulvey was not entitled to a fee and Mulvey in his cross claim had asserted his contractual 30 percent right. We have been pointed to no case which, in these circumstances, would bar the court from treating Mulvey as defending against the allegations that he had breached the admitted express contract or from drawing adverse inferences from Mulvey's failure to produce documents relevant to those allegations, *see Marquis Theatre Corp. v. Condado Mini Cinema*, 846 F.2d 86, 88–90 (1st Cir.1988) (affirming district court's striking answer as sanction for nonproduction of documents).

■ Moreover, Fed.R.Civ.P. 37(b)(2)(C) permits, as a sanction for disobeying a discovery order, "rendering a judgment by default against the disobedient party." There is no expressed limitation of such judgments to defendants. Finally, we note that district courts possess a certain amount of inherent power in dealing with troublesome litigation behavior. *See Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 & n. 5 (1st Cir.1985). We need not, however, determine whether the judgment form used in this case was proper. All we need hold is that this most certainly is not a case of plain error.

■ Nor can we see any deep injustice. As for whatever damage to Mulvey's reputation might be done by the court's crediting the allegations of breach, we note first that the imposition of sanctions in 1990 for failure to respond satisfactorily to the Second Request for Production of Documents and the subsequent more extreme sanction in 1991 already have—to the extent such rulings ever do—taken their toll. It is un-

likely that there has been any significant incremental tarnishing. But even if there has been, this is not the deep, searing kind of "manifest injustice" that is required to overcome serious procedural default.

■ As for Mulvey's concern over possible future collateral estoppel effects of the default judgment, this is sheer speculation. As Mulvey has pointed out, Professors Wright, Miller, and Cooper have observed, as to both claim and issue preclusion in the default setting, "[t]he problems can be identified and illustrated, but comprehensive answers cannot yet be found." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4442, at 373 (1981). In such a state of affairs, Mulvey's speculation cannot equate with "manifest injustice."

*Affirmed.*