USCA1 Opinion

 

 November 6, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1406  RICHARD P. TRITTER, Appellant, v. DIANE KINCH CORRY AND MELISSA TRITTER, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Richard P. Tritter on brief pro se. __________________ Diane Kinch Corry on brief for appellees. _________________ ____________________ ____________________ Per Curiam. Appellant Richard P. Tritter ____________ ("Tritter') appeals pro se from the district court order ___ __ affirming the decision of the bankruptcy court that his debt to his daughter, Melissa Tritter ("Melissa") is nondischargeable under 11 U.S.C. 523(a)(4). "In an appeal from district court review of a bankruptcy court order, we independently review the bankruptcy court's decision, applying the 'clearly erroneous' standard to findings of fact and de novo review to conclusions of law." Grella v. Salem ______ _____ Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994).  ___________________ I. Donative Intent _______________ Tritter raises an argument on appeal to this court which he did not raise before the bankruptcy court or the district court: that evidence of donative intent should have been admitted to show that "there was never a valid gift under the Uniform Gifts to Minors Act." This argument is waived because it was not raised below. See United States v. ___ _____________ Palmer, 956 F.2d 3, 6 (1st Cir. 1992). Moreover, the ______ bankruptcy court found that, by Tritter's own admission, an account had been established under the Uniform Gift to Minors Act ("UGMA") for Melissa's benefit, over which he was custodian. There is nothing in the record to suggest that the bankruptcy court's finding in that regard was clearly erroneous. -2- II. Breach of Fiduciary Duty Amounting to _____________________________________________ Defalcation ___________ In addition to donative intent, Tritter "incorporated by reference" the issues raised in his district court brief. Chief among those issues is whether the bankruptcy court erred in ruling that Tritter breached his fiduciary duty under the relevant statute and, thereby, engaged in "defalcation" pursuant to 523(a)(4).1 We need not decide whether the propriety of the expenditures at issue should be judged under the UGMA, Mass. Gen. L. ch. 201A (1957), in effect when the account was established, or under the UTMA, ch. 201A (1986), which replaced the UGMA, effective January 30, 1987. The expenditures at issue here were not "for the minor's benefit" under either Act. Tritter argues that the UGMA grants a custodian broader discretion than the UTMA and should apply to this case. The UGMA provides, in relevant part, as follows: The custodian shall pay over to the minor for expenditure by him, or expend for the minor's ________________________ benefit, so much of or all the custodial property _______ as the custodian deems advisable for the support, maintenance, education and benefit of the minor in the manner, at the time or times and to the extent that the custodian in his discretion deems suitable and proper . . . .   ____________________ 1. With respect to the remaining issues incorporated by reference, we agree with the district court's determination that they lack factual support. -3- Ch. 201A, 4(b) (1957) (emphasis added). Payment of a parent's legal fees, even for custody matters, is not an expenditure "for the minor's benefit" within the meaning of the UGMA. See Perlberger v. Perlberger, 626 A.2d 1186, 1202 ___ __________ __________ (Pa. Super., 1993) (interpreting Pennsylvania UGMA, which contains language identical to 4(b) of the Massachusetts UGMA). Tritter has failed to cite any cases in support of his argument that his use of the funds for legal fees was for his daughter's benefit under the Massachusetts UGMA. We conclude that the bankruptcy court did not err in ruling that payment of a parent's legal fees, even to litigate custody or visitation issues, is not an expenditure "for the minor's benefit." Assuming there may exist exceptions to this general rule in extraordinary circumstances, such circumstances are not present here. The bankruptcy court also found that Tritter, in his capacity as custodian of his daughter's account, failed to keep proper records and commingled funds. Tritter does not contest those findings. Under the UGMA, the custodian was required to keep custodial property "separate and distinct from his own property in a manner to identify it clearly as custodial property," Ch. 201A, 4(g) (1957). The UGMA also required the custodian to "keep accounts of all his transactions with respect to the property held by him as -4- custodian . . . ." Id., 4(h). Tritter clearly failed to ___ comply with those duties as custodian under the UGMA.  Pursuant to 11 U.S.C. 523(a)(4), a debt incurred by "fraud or defalcation while acting in a fiduciary capacity" is non-dischargeable. "In order for [plaintiffs] to prevail under 523(a)(4), [they] must prove by a preponderance of the evidence that the Debtor committed fraud or defalcation while acting in a fiduciary capacity." In re ______ Christian, 172 B.R. 490, 495 (Bankr.D.Mass., 1994). Tritter _________ became a fiduciary for purposes of 523(a)(4) when the account was established under the UGMA, naming him as custodian. See In re Johns, 181 B.R. 965, 973 (Bankr.D.Ariz. ___ ___________ 1995)(holding that custodian of UGMA or UTMA accounts acts in a fiduciary capacity for purposes of 523(a)(4)). Tritter breached his fiduciary duties under both the UGMA and the UTMA by 1) expending the funds to pay his own legal fees, not "for the minor's benefit;" 2) failing to keep the custodial funds separate from his own funds; and 3) failing to keep proper records. The bankruptcy court correctly ruled that Tritter's breach of his fiduciary duties constituted "defalcation" within the meaning of 11 U.S.C.  523(a)(4), notwithstanding the absence of any proof of intentional wrongdoing. See In re Christian, 172 B.R. at 495. ___ _______________ The decision of the bankruptcy court is affirmed. ________ -5-