Linda IBRAHIM, Plaintiff,

v.

**1417 N STREET ASSOCIATES, L.P., et al, Defendants.**

**Civil Action No. 96–02415.**

United States District Court, District of Columbia.

Jan. 6, 1997.

Laurence S. Kaye, Laurence S. Kaye & Associates, P.C., Rockville, MD, for Plaintiff.

Michael Joseph McAuliffe, Quinn, McAuliffe & Dumais, Rockville, MD, for Defendants.

### MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on (1) Plaintiff's motion to remand the case at bar to the Superior Court of the District of Columbia and (2) Plaintiff's motion for costs and attorney fees. This case arises from Plaintiff's claim that Defendant committed ethnic origin discrimination against her in violation of 42 U.S.C. § 1981. The Court heard oral argument on the motions on December 20, 1996 and has considered the motions and the opposition thereto.

### BACKGROUND

The facts in the case at bar were the subject of an earlier suit before this Court.[1]

---

1. Civil Action 95–87SS, *Ibrahim v. 1417 N Street Associates, L.P., et al.*, was brought pursuant to

Title VII of the Civil Rights Act of 1964.

The earlier suit was dismissed without prejudice by the Court on June 13, 1996. The Complaint in the case at bar was filed in the Superior Court of the District of Columbia on August 14, 1996. On or about August 20, 1996, Plaintiff sent by certified mail, return receipt requested, a courtesy copy of the Complaint and Summons to Defendants Mahendra Khatri and Dr. Shailendra Kumar, who is authorized to act as agent for 1417 N Street Associates Limited Partnership and 1417 N Street Associates Management Corp. Plaintiff's counsel received the return receipt indicating that the courtesy copies had been received. On September 23–24, 1996, Plaintiff perfected service of the Complaint and Summons. On or about October 10, 1996, 50 days after receiving the courtesy copies of the Complaint and Summons, Defendants removed the case at bar to this Court.

Plaintiff claims that Defendant's removal is untimely because the removal statute, 28 U.S.C. § 1446(b), states that a notice of removal shall be filed within 30 days regardless of whether the defendant received such notice of the plaintiff's initial pleading "through service or otherwise." *Id.* Defendants claim that the 30–day time limit for removal begins when service is perfected. *Alling v. C.D. Cairns Irrevocable Trusts Partnership,* 889 F.Supp. 768 (D.Vt.1995).

Defendants explain their delay in removing the case to a misunderstanding over representation. In the earlier suit, Defendants' insurance carrier, Great American Insurance Company ("Great American"), had provided defense counsel. After receiving the courtesy copies of the Complaint and Summons on August 20, 1996, Defendants claim to have again turned to Great American for legal assistance, but Great American denied coverage. Defendants then obtained separate counsel to represent them in this matter.

**ANALYSIS**

**1. Plaintiff's Motion to Remand**

■ In analyzing the time accorded to a defendant to remove an action we look first to the language of the statute.[2] "Absent exceptional circumstances ... 'when we find the terms of a statute unambiguous, judicial inquiry is complete.'" *Hercules Inc. v. United States Environmental Protection Agency,* 938 F.2d 276, 281 (D.C.Cir.1991) (quoting *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701–02, 66 L.Ed.2d 633 (1981)). 28 U.S.C. § 1446(b) plainly states that service is not required to begin the thirty-day time period; the defendant must receive "through service or otherwise" a copy of the original pleading. As the Seventh Circuit noted in deciding this issue, "'or otherwise' must mean something different from service." *Roe v. O'Donohue,* 38 F.3d 298, 302 (7th Cir.1994).

It is reasonable to begin the 30–day clock of 28 U.S.C. § 1446(b) once a defendant receives a copy of the initial pleading because formal service of process will not provide the defendant with any further information relevant to its decision on whether or not to remove. The Fifth, Sixth and Seventh Circuit Courts of Appeal have all held that the "receipt" rule is the correct interpretation of the statute. See *Reece v. Wal–Mart Stores Inc.,* 98 F.3d 839, 841 (5th Cir.1996) (holding that "the thirty-day period begins when the defendant receives a copy of the initial pleading through any means, not just service of process"); *Roe,* 38 F.3d at 304 (holding that "the 30 days commences when the defendant, or his authorized agent, comes into possession of a copy of the complaint whether or not the delivery complies with the requirement of 'service'"); and *Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 966–68 (6th Cir.1993) (adopting the "receipt rule"). Judge Norma Holloway John-

**2.** 28 U.S.C. § 1446 states in pertinent part:

**§ 1446. Procedures for removal.**
(a) A defendant or defendants desiring to remove any civil action ... shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action.
(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting further the claim for relief upon which such action or proceeding is based ...

son of this court has similarly applied the "receipt rule" in a recent case, *Webb v. Farmland Industries,* No. 96–2147.

■ In the case at bar, it is uncontested that Defendants did not file their notice to remove this matter until 50 days after receiving the courtesy copies of the Complaint and Summons. While the delay in Defendants' filing their notice to remove may be understandable, the reason for the delay does not serve to extend Defendants' rights under 28 U.S.C. § 1446(b). What is more, because of this Court's earlier action in dismissing Plaintiff's federal claim and determining not to exercise supplemental jurisdiction over Plaintiff's non-federal cause of action, jurisdiction properly lies in the Superior Court for the District of Columbia.

**2. Plaintiff's Motion for Costs and Attorney Fees**

■ Plaintiff also moves for costs and attorney fees pursuant to 28 U.S.C. § 1447(c). That sub-section gives the court discretion to award Plaintiff "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The award of costs on remand is usually appropriate only when the nonremovability of the action is obvious. *Olsen v. Olsen,* 580 F.Supp. 1569 (D.C.Ind.1984).

■ This Court is reluctant to award costs and attorney fees in the absence of evidence of either a frivolous filing or bad faith; neither is evident here. Other district courts have reached different conclusions on the interpretation of 28 U.S.C. 1446(b) and there is no evidence that Defendants have sought to delay or otherwise obstruct this case. Defendants' filings have been perfectly appropriate; this Court has simply found against them on the legal interpretation of the statute.

### CONCLUSION

For the reasons cited above, Plaintiff's motion to remand the case at bar will be granted. Plaintiff's motion for costs and attorney fees will be denied. An appropriate order is attached hereto.

### *ORDER*

This matter is before the Court on (1) Plaintiff's motion to remand the above-captioned case to the Superior Court of the District of Columbia and (2) Plaintiff's motion for costs and attorney fees.

For the reasons stated in the accompanying Memorandum Opinion, it is ORDERED that Plaintiff's motion to remand is hereby **GRANTED;**

It is **FURTHER ORDERED** that Plaintiff's motion for costs and attorney fees is hereby **DENIED.**