[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1886

 FRANCISCO RODRIGUEZ-CLAUDIO,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, Senior U.S. District Judge]

 

 Before

 Torruella, Chief Judge
 Campbell, Senior Circuit Judge,
 and Boudin, Circuit Judge.

 

Francisco Rodriguez-Claudio on brief pro se.
Guillermo Gil, United States Attorney, Nelson Perez-Sosa and
Jacque line D. Novas, Assistant United States Attorneys, on brief for
appellee.

 

 JUNE 6, 1997
 

 Per Curiam. Appellant Francisco Rodriguez Claudio

appeals from the district court's dismissal of his complaint

for the return of forfeited property. After carefully

reviewing  the  record  and  the parties' briefs, we agree with the

reasoning  of  the  district court as set forth in its Opinion and

Order, dated May 30, 1996. We add the following comments.

 1. A  collateral  attack  on  a  forfeiture, such as the

one at hand, "necessarily presents a claim for equitable

relief."   Uni ted States v. Woodall, 12 F.3d 791, 793 (8th Cir.

1993). As such, a court's decision to grant such relief is

governed  by  equitable  principles. See Linarez v. United States

Dep't  of  Justice,  2  F.3d  208, 213 (7th Cir. 1993); 3 C. Wright,

Federal Practice and Procedure S 673, at 762 (2d ed. 1982).

"Thus,  the  individual  .  . . must show that he had an inadequate

legal remedy and that irreparable injury will result if the

court does not act." Id.

 Appellant received proper notice of the forfeiture

proceedings by February 1993, prior to having his property

actually forfeited. He thus could have filed a claim and

posted  a  bond,  thereby  initiating judicial proceedings. See 19

U.S.C. S 1608; 21 C.F.R. S 1316.76(b). By deciding not to

pursue this legal remedy, appellant is foreclosed from

obtaining  equitable  relief now. That is, appellant cannot show

that he had an inadequate remedy at law "for he could have

sought recovery of his [property] in the administrative

 -2-

proceeding by raising the very same claims that he raised in

his complaint in the district court." Linarez, 2 F.3d at 213

(where claimant received actual notice of the forfeiture

proceedings which explained how to file a claim and post a

bond, but declined to follow these procedures, he could not

pursue his constitutional claims in a collateral action).

 2.   Because  appellant failed to present the question

concerning  excessive  fines below, he has waived it. See United

States  v.  Pal mer, 956 F.2d 3, 6 (1st Cir. 1992). We therefore

decline to consider it.

 The judgment of the district court is affirmed.

 -3-