USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1886 FRANCISCO RODRIGUEZ-CLAUDIO, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, Senior U.S. District Judge] ____________________ Before Torruella, Chief Judge Campbell, Senior Circuit Judge, and Boudin, Circuit Judge. ____________________ Francisco Rodriguez-Claudio on brief pro se. Guillermo Gil, United States Attorney, Nelson Perez-Sosa and Jacque line D. Novas, Assistant United States Attorneys, on brief for appellee. ____________________ JUNE 6, 1997 ____________________ Per Curiam. Appellant Francisco Rodriguez Claudio appeals from the district court's dismissal of his complaint for the return of forfeited property. After carefully reviewing  the  record  and  the parties' briefs, we agree with the reasoning  of  the  district court as set forth in its Opinion and Order, dated May 30, 1996. We add the following comments. 1. A  collateral  attack  on  a  forfeiture, such as the one at hand, "necessarily presents a claim for equitable relief."   Uni ted States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993). As such, a court's decision to grant such relief is governed  by  equitable  principles. See Linarez v. United States Dep't  of  Justice,  2  F.3d  208, 213 (7th Cir. 1993); 3 C. Wright, Federal Practice and Procedure S 673, at 762 (2d ed. 1982). "Thus,  the  individual  .  . . must show that he had an inadequate legal remedy and that irreparable injury will result if the court does not act." Id. Appellant received proper notice of the forfeiture proceedings by February 1993, prior to having his property actually forfeited. He thus could have filed a claim and posted  a  bond,  thereby  initiating judicial proceedings. See 19 U.S.C. S 1608; 21 C.F.R. S 1316.76(b). By deciding not to pursue this legal remedy, appellant is foreclosed from obtaining  equitable  relief now. That is, appellant cannot show that he had an inadequate remedy at law "for he could have sought recovery of his [property] in the administrative -2- proceeding by raising the very same claims that he raised in his complaint in the district court." Linarez, 2 F.3d at 213 (where claimant received actual notice of the forfeiture proceedings which explained how to file a claim and post a bond, but declined to follow these procedures, he could not pursue his constitutional claims in a collateral action). 2.   Because  appellant failed to present the question concerning  excessive  fines below, he has waived it. See United States  v.  Pal mer, 956 F.2d 3, 6 (1st Cir. 1992). We therefore decline to consider it. The judgment of the district court is affirmed. -3-