Susan WEIGERT, Plaintiff,

v.

GEORGETOWN UNIVERSITY, Defendant.

No. Civ.A.98–2955(RMU).

United States District Court, District of Columbia.

March 18, 1999.

**6**

Alan Banov, Washington, DC, for Susan Weigert, plaintiff.

William David Nussbaum, Jonathan T. Rees, Hogan & Hartson, L.L.P., Washington, DC, for Georgetown University, defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

### Granting Plaintiff's Motion to Remand; Denying Plaintiff's Motion for Fees and Costs

This matter is before the court on the plaintiff's motion to remand this case to the Superior Court of the District of Columbia ("D.C. Superior Court") pursuant to 28 U.S.C. section 1447(c) and on the plaintiff's motion for fees and costs. For the reasons stated below, the plaintiff's motion to remand is granted and the plaintiff's motion for fees and costs is denied.

### I. BACKGROUND

On September 29, 1998, the plaintiff, Susan Weigert, filed a complaint in D.C. Superior Court (C.A. No. 7410–98). Two days later on October 1, 1998, Ms. Weigert's attorney mailed a "courtesy copy" of the complaint, showing the case number and filing date, to Lawrence White, Esq., counsel for the defendant, Georgetown University. In an accompanying letter, Ms. Weigert's attorney requested the name and address of the proper individual to whom service of process should be directed. (*See* Mem. in Supp. of Pl.'s Mot. to Remand to State Court and for Attorney's Fees and Costs, Ex. 1 (hereinafter "Motion to Remand").) On October 5, 1998, Mr. White responded to the plaintiff's request by acknowledging his receipt of the complaint filed in D.C. Superior Court and indicating that he was authorized to accept service of process on behalf of the defendant. (*See* Mot. to Remand, Ex. 2.)

On November 13, 1998, the plaintiff perfected service of her complaint and summons. Twenty days later, on December 3, 1998, the defendant filed its Notice of Removal and Ms. Weigert's case was thereby removed to this court. By this time, it is uncontested that the defendant had been in possession of the courtesy copy for more than thirty days. (*See* Def.'s Opp'n to Pl.'s Mot. for Remand, at 2 (hereinafter "Defendant's Opposition").) On December 10, 1998, the plaintiff's attorney requested that the defendant consent to a voluntary remand back to D.C. Superior Court, and cautioned defense counsel that, if the defendant refused, the plaintiff would seek fees and costs incurred for having to file a motion to remand. *See* Motion to Remand, Ex. 3. In a December 11, 1998 letter to the plaintiff's attorney, defense counsel conceded that this court has at least once before ruled that the thirty day clock for removal of a case begins running once the defendant receives a copy of a complaint and not once formal service of process has been perfected. *See* Motion to Remand, Ex. 4 (referencing *Ibrahim v. 1417 N Street Associates, L.P.*, 950 F.Supp. 406 (D.D.C.1997) (Sporkin, J.)). Nonetheless, the defendant refused to consent to a voluntary remand and, on December 28, 1998, filed an opposition to the plaintiff's motion to remand.

### II. ANALYSIS

#### A. Motion to Remand

██ 28 U.S.C. section 1446(b) provides that a "notice of removal of a civil action or

proceeding shall be filed *within thirty days* after the receipt b the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b) (emphasis added). The parties disagree as to whether the thirty day period for removal commences at the time the defendant receives a courtesy copy of the complaint, i.e., the so-called "receipt-rule," or at the time service of process has been perfected, i.e., the "service rule."

The parties acknowledge that on at least one other occasion this court has adopted the receipt rule. In *Ibrahim*, Judge Sporkin concluded that the plain language of 28 U.S.C. section 1446(b) suggests that perfection of service is not required for the thirty day time period to commence. *See Ibrahim*, 950 F.Supp. at 407 (noting that the words "or otherwise" in the phrase "service or otherwise" must mean something different than "service"). Judge Sporkin thus ruled that it was "reasonable to begin the 30–day clock of 28 U.S.C. § 1446(b) once a defendant receives a copy of the initial pleading because formal service of process will not provide the defendant with any further information relevant to its decision on whether or not to remove." *Ibrahim*, 950 F.Supp. at 407 (noting that "[t]he Fifth, Sixth and Seventh Circuit Courts of Appeal have all held that the 'receipt' rule is the correct interpretation of the statute" and citing supporting cases, including an unpublished decision by D.C. District Court Chief Judge Norma Holloway Johnson). Indeed, as noted in *Benton v. Washington Radiology Associates, P.C.*, 963 F.Supp. 500 (D.Md.1997), "the modern national trend is to adopt the Receipt Rule." *Benton*, 963 F.Supp. at 502.

For the reasons set forth in *Ibrahim*, *Benton* and other similar cases, this court concludes that a plain reading of 28 U.S.C. section 1446(b) mandates application of the receipt rule. Accordingly, the court holds that the defendant in this case failed to timely file its Notice for Removal and,

therefore, the court will grant the plaintiff's motion to remand this case to the D.C. Superior Court.

## B. Motion for Fees and Costs

28 U.S.C. section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Commentary on the 1988 Revision of Section 1447 states that the court is authorized, in its discretion, to award the foregoing costs and fees "should it find that it was improper for the defendant to remove the case." The commentary provides further that "[t]he matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." Commentary on 1988 Revision of Section 1447.

In this case, the court chooses not to exercise its discretion to award fees and costs. "The award of costs on remand is usually appropriate only when the nonremovability of the action is obvious." *Ibrahim*, 950 F.Supp. at 408. Here, the defendant was on notice that Judge Sporkin had issued a prior ruling in favor of the plaintiff's position. As the defendant correctly pointed out in its December 11, 1998, letter to the plaintiff, however, Judge Sporkin's opinion in *Ibrahim*, while certainly persuasive, does not constitute mandatory authority to which this court is bound to adhere. Furthermore, there is conflicting case law on this issue throughout the federal courts, and in the absence of a decision to the contrary by the D.C. Circuit, this court is reluctant to conclude that the nonremovability of this case was obvious to the defendant. Accordingly, the court will deny the plaintiff's motion for fees and costs.