**Abidin ALDOGAN, Petitioner, Appellant,**

v.

**Gunca ALDOGAN, Respondent, Appellee.**

No. 04–1049.

United States Court of Appeals, First Circuit.

March 15, 2004.

Stephen J. Cullen, Miles & Stockbridge, and Mary A. Azzarito, on brief for appellant.

Barry S. Pollack, Jill L. Brenner and Donnelly, Conroy & Gelhaar, on brief for appellee.

Before TORRUELLA, LIPEZ and HOWARD, Circuit Judges.

PER CURIAM.

Petitioner Abidin Aldogan seeks to appeal from the district court's order denying without prejudice his petition for the return of his minor child to Turkey, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq. The district court held a hearing on December 10, 2003, at which counsel for both parties were present, and stated its intention to transfer the petition to the Hampden County Family and Probate Court, where respondent, Gunca Aldogan, had commenced an action to obtain custody of the child. Neither party objected to the proposed transfer during the hearing. Consistent with the court's proposal, shared with the parties during the hearing, the order dismissed the petition without prejudice and provided for the transfer of "all documents and pleadings filed in this action" to the Hampden Family and Probate Court. Petitioner has now filed this appeal and respondent has filed a motion for summary affirmance on the ground, among others, that petitioner's failure to object at the hearing to the proposed transfer precludes him from obtaining relief on appeal.

The parties do not dispute that the state and federal courts have concurrent jurisdiction over actions arising under the Hague Convention. *See* 42 U.S.C. § 11603(a). The district court's denial of the petition was "without prejudice" and contemplated that the petitioner might return to federal court if the state court declined to decide the Hague Convention issues. However, we reject respondent's argument that the order is, therefore, neither a final judgment nor a collateral order entitled to immediate review. Even stay orders are immediately appealable "when the res judicata effect of the judgment in state court would preclude further litigation in federal court." *Rojas–Hernandez v. Puerto Rico Elec. Power Auth.,* 925 F.2d 492, 494 (1st Cir.1991). Under ICARA, the federal court is required to give full faith and credit to the judgment of a state court ordering or denying the return of a child. *See* 42 U.S.C. § 11603(g). Therefore, the district court order effectively puts Abidin out of federal court and, as such, is a final appealable order. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also* 19 James W. Moore et al., *Moore's Federal Practice*

§ 203.10[6][b] (3d ed.2003); 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure,* § 3914.12 (2d ed.1991).

Petitioner admits in his reply brief that he did not object during the hearing to the district court's proposed transfer of the petition to state court, where the custody case was pending. Under these circumstances, plain error review applies. *See Chestnut v. City of Lowell,* 305 F.3d 18, 20 (1st Cir.2002). "We apply the plain error doctrine 'in exceptional cases or under peculiar circumstances to prevent a clear miscarriage of justice … [or] where the error seriously affected the fairness, integrity or public reputation of judicial proceedings.' Our previous cases reflect a marked reluctance to find plain error in civil cases." *Acevedo–Garcia v. Monroig,* 351 F.3d 547, 570 (1st Cir.2003) (citations omitted). It is unnecessary in this case to decide whether the district court erred in denying the petition without prejudice and transferring it to state court. "All we need hold is that this most certainly is not a case of plain error." *United States v. Palmer,* 956 F.2d 3, 7 (1st Cir.1992). Petitioner has failed to make the requisite showing that a miscarriage of justice will result from our failure to review the district court's order, or that the order will "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *Acevedo–Garcia,* 351 F.3d at 570.

Respondent–Appellee's motion for summary affirmance is *granted.* Her Motion for Leave to Submit Limited Items from Public Record in State Court is *denied as moot.*