NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDEL DUME;<br>ANGELINE TELSAINT;<br>J.A.D.T.,<br><br>              Petitioners,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney<br>General,<br><br>              Respondent. | No. 25-4239<br><br>Agency Nos.<br>A220-577-873<br>A220-562-882<br>A220-562-883<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Claudel Dume, Angeline Telsaint, and their son petition for review of a

Board of Immigration Appeals ("BIA") decision summarily dismissing their appeal

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Dume, the only petitioner who testified at the petitioners' hearing before the IJ, alleged that he feared political persecution in Haiti based on his membership in the League of the Alternative for the Haitian Progress and Emancipation. But the IJ found that Dume's testimony was not credible, noting apparent inconsistencies between his hearing testimony and evidence in the record. The petitioners filed a Notice of Appeal with the BIA, which indicated that they would file a separate appellate brief. They never did so. So the BIA summarily dismissed the appeal under C.F.R. § 1003.1(d)(2)(i)(A), finding that it did not "meaningfully apprise" the BIA of the "specific reasons" for the appeal.

We review the BIA's summary dismissal of an appeal for abuse of discretion. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). Under 8 C.F.R. § 1003.1(d)(2)(i)(A), the BIA can summarily dismiss an appeal if a petitioner "fails to specify the reasons for the appeal." This court has "held that summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA *and* inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.'" *Martinez-Zelaya*

*v. INS*, 841 F.2d 294, 296 (9th Cir. 1988) (quoting *Reyes-Mendoza v. INS*, 774 F.2d 1364, 1364-65 (9th Cir. 1985)) (emphasis added).

"A noncitizen must 'provide meaningful guidance to the BIA' by informing it of the issues contested on appeal; a 'generalized and conclusory statement about the proceedings before the IJ' does not suffice." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (quoting *Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992). This specificity requirement is designed to "ensure that the BIA is adequately apprised of the issues" raised by the appeal and "not left to search through the record and speculate on what possible errors the petitioner claims." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003) (citation modified). A petitioner can satisfy the specificity requirement in the Notice of Appeal itself if he fails to file a separate brief. *Casas Chavez v. INS*, 300 F.3d 1088, 1090 (9th Cir. 2002).

Here, the petitioners' Notice of Appeal does not cite specific factual or legal support for its contentions that the IJ erred and that Dume's testimony should have been considered credible. The Notice of Appeal raises the issue of the IJ's credibility determination, but the Ninth Circuit has long found that it is not enough for petitioners to merely identify "the issue in contention"—they must identify the specific facts or law at issue and explain how the IJ erred. *See Toquero*, 956 F.2d

at 196.  This lack of explanation and specific support is fatal to the petitioners' argument.

The petitioners failed to file an appellate brief, and their Notice of Appeal did not adequately inform the BIA of the specific reasons for Petitioners' appeal. So the BIA did not abuse its discretion by summarily dismissing their appeal.

**PETITION DENIED.**[1]

---

[1] The petitioners' motion to stay removal is denied.