67 F.3d 293
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry Ross BRAZELL, Plaintiff-Appellant,
v.
James GREEN; South Carolina Department Of Corrections,
Defendants-Appellees.
 No. 94-7214.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1995.
Decided Sept. 29, 1995.
 
 Jerry Ross Brazell, Appellant Pro Se. James M. Brailsford, III, E. Meredith Manning, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellees.
 Before WIDENER and MURNAGHAN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Ross Brazell appeals from the district court's order adopting the magistrate judge's recommendation to dismiss his 42 U.S.C. Sec. 1983 (1988) complaint, without prejudice, for failure to properly serve the defendants. Brazell originally filed his complaint in South Carolina state court in 1993. The defendants removed to federal court and filed a motion to dismiss claiming, inter alia, that Brazell had failed to properly serve them in accordance with South Carolina law. The magistrate judge recommended dismissing on that basis and the district court agreed. The magistrate judge and the district court first properly found that the validity of service prior to removal is determined by the law of the state under which service was made. See 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1082 (1987). We also agree with their conclusions that Brazell did not properly serve the defendants under South Carolina law which provides that a civil action is commenced by filing and service of a summons and complaint. S.C.R. Civ. P. 3(a).
 
 
 2
 However, instead of dismissing his action, the district court should have allowed Brazell an opportunity to re-serve the defendants in accordance with the Federal Rules of Civil Procedure. Section 1448 provides that:
 
 
 3
 In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
 
 
 4
 28 U.S.C. Sec. 1448 (1988); see also Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir.1972) (when process served is found to be defective after removal of a case from a state court, new process may issue in the same manner as in cases originally filed in the federal district court).
 
 
 5
 Here, the defendants had notice of the suit and do not claim to have been prejudiced by Brazell's failure to properly serve them. Accordingly, the district court's order is vacated and the case remanded to allow Brazell to re-serve the defendants in accordance with Fed.R.Civ.P. 4. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.