Joanne BENTON, Plaintiff,

v.

**WASHINGTON RADIOLOGY ASSOCIATES, P.C., et al., Defendants.**

**Civil Action No. AW–97–901.**

United States District Court, D. Maryland.

May 7, 1997.

---

Laurence S. Kaye, William F. Sperling, Rockville, MD, for plaintiff.

Kirk S. Burgee, Pamela S. Reiman, McDermott, Will and Emery, Washington, DC, for defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court in the above captioned case is Defendants Washington Radiology Associates and Washington Ultrasound Associates' Motion to Dismiss and Plaintiff Joanne Benton's Opposition thereto. Also pending before the Court is Plaintiff's Motion to Remand and Defendants' Opposition thereto. The Court has reviewed the parties' memoranda and attached exhibits; no hearing is deemed necessary. Local Rule 105.6 (D.Md.1995). For the reasons set forth below, the Court will grant Plaintiff's Motion to Remand and will not reach Defendants' Motion to Dismiss.

## FACTS

On January 3, 1997, Plaintiff filed a complaint for alleged violations of the Americans with Disabilities Act against Defendants in the Circuit Court for Montgomery County, Maryland. On January 21, 1997, Plaintiff sent courtesy copies of the Complaint, Summons, and initial Scheduling Order to Defendants and their counsel. Plaintiff attached a cover letter to the copies she sent to Defendants' counsel. The cover letter stated that Plaintiff would forbear from formal service of the complaint to provide an opportunity for settlement discussions. Defendants acknowledge that they and their counsel received the courtesy copies on January 22, 1997. Defendants did not receive formal service of the complaint and summons until March 6, 1997.[1] On March 26, 1997 20 days following proper service of the complaint and 63 days following receipt of courtesy copies of the complaint, Defendants filed their Petition for Removal with this Court.

## DISCUSSION

Relying on 28 U.S.C. § 1446, Plaintiff argues that Defendants filed their motion to remove after the allowed time period. Specifically, Plaintiff asserts that Defendants had 30 days, running from receipt of the courtesy copy of the complaint, to file for removal. As such, they had until February 21, 1997, to file their Petition for Removal. Defendants agree that 28 U.S.C. § 1446(b) dictates the procedure for removal of a civil action. However, Defendants interpret the statute differently. They argue that the 30-day period for removal did not begin until they were properly served with a copy of the complaint. Defendants maintain that because they filed their removal petition within 30 days of proper service, they timely filed the petition.

■ The question before the Court is whether the 30–day removal period established by 28 U.S.C. § 1446(b) began when Defendants received the courtesy copy of the complaint ("Receipt Rule") or when Defendants were properly served with a copy of the complaint ("Service Rule"). According to the removal statute:

> The notice of removal of a civil action or proceeding shall be *filed within thirty days after the receipt by the defendant, through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

28 U.S.C. § 1446(b) (emphasis added). The federal courts are split on their interpretation of this statute. A majority of the district courts have adopted the Receipt Rule. *See, e.g., Ibrahim v. 1417 N. St. Assocs.,* 950 F.Supp. 406 (D.D.C.1997); *Conticommodity Servs., Inc. v. Perl,* 663 F.Supp. 27 (N.D.Ill. 1987). However, a number of courts have

---

1. Defendants state that they received formal service of the complaint and summons on March 7, 1997. The Affidavits of Service that Plaintiff filed with the Circuit Court for Montgomery County, Maryland on March 7, 1997, indicate that service of process was completed on March 6, 1997. The Court need not determine which of these two dates was the actual date of service as the determination does not affect the Court's resolution of any pending motions.

## 502

adopted the Service Rule. *See, e.g., Love v. State Farm Mut. Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982); *Moore v. Firedoor Corp. of Am.,* 250 F.Supp. 683 (D.Md.1966). The Fourth Circuit has not ruled upon this question.

In her motion to remand, Plaintiff refers to *Schwartz Bros., Inc. v. Striped Horse Records,* 745 F.Supp. 338 (D.Md.1990). In that case, the court held that the 30–day removal period began upon actual receipt of a copy of the complaint, regardless of whether the defendant was properly served with the complaint. As Plaintiff summarized in her Memorandum in Support of the Motion to Remand, the court based its conclusion on three considerations.

First, the court looked to the wording of the statute and found that it unambiguously stated that proper service was not required. Well-known principles of statutory interpretation provide that when a statute is clear on its face, the courts need not look at legislative history or other extrinsic evidence to interpret the statute. *See, Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 300, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) ("Interpretation of a statute must begin with the statute's language."); *Pittston Coal Group v. Sebben,* 488 U.S. 105, 115, 109 S.Ct. 414, 420–21, 102 L.Ed.2d 408 (1988); *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547–48, 79 L.Ed.2d 891 (1984). Observing those principles, the court in *Schwartz Bros.* noted that 28 U.S.C. § 1446(b)'s plain language indicated that the time period for removal began once the defendant received a copy of the original pleading—regardless of whether the defendant received formal service.

Secondly, the court in *Schwartz Bros.* looked to the legislative history of the statute and concluded that Congress enacted it to establish a uniform federal system for removal of civil actions to federal court. Some state systems allow lawsuits to commence through service of a summons without a copy of the complaint. The court in *Schwartz Bros.* found that Congress drafted § 1446(b) to ensure that defendants would receive a copy of the complaint prior to the start of the 30–day clock. A copy of the complaint includes all necessary information to determine whether the complaint is removable. After receipt, proper service contributes nothing to that decision-making process.

Finally, the court in *Schwartz Bros.* noted that its holding comported with "the well-established principle that the removal statute is to be construed narrowly and against removal." 745 F.Supp. at 340 (citing *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). Finding the court's reasoning in *Schwartz Bros.* to be sound and compelling, this Court finds no reason to hold that only proper service of the complaint tolls the 30–day time period for removal.

Defendants encourage the Court to follow the Service Rule. They argue that the Service Rule provides courts and litigants with a bright line test by which to mark the commencement of the removal period. Defendants also maintain that use of the Service Rule avoids possible due process problems associated with the Receipt Rule. Defendants rely on *Love v. State Farm Mut. Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982), to interpret the legislative history of 28 U.S.C. § 1446(b). The court in *Love* explained that Congress enacted the statute to lengthen the removal period in states where defendants did not receive a copy of the complaint upon proper service. Applying the Receipt Rule and "permitting a plaintiff to circumvent the already existing requirement of personal service through informal service," the court opined, will diminish the right to removal in contravention of legislative intent. *Id.* at 67–68. In short, Defendants contend that 28 U.S.C. § 1446(b) was enacted as a procedural safeguard—not to excuse plaintiffs from the rules of proper service. Defendants believe that application of the Receipt Rule is inequitable and unjust.

While many cases have applied the Service Rule instead of the Receipt Rule, the Court notes that the modern national trend is to adopt the Receipt Rule. The United States Circuit Courts of Appeals for the Fifth, Sixth, and Seventh Circuits (the only federal appellate courts to rule on this issue) all have held that the Receipt Rule is the proper interpretation of 28 U.S.C. § 1446(b). *See*

*Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839 (5th Cir.1996) ("The thirty-day period begins when the defendant receives a copy of the initial pleading, through any means, not just service of process."); *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994) ("The 30 days commences when the defendant, or its authorized agent, comes into possession of a copy of the complaint, whether or not the delivery complies with the requirements of 'service' "); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993) (endorsing the "receipt rule"). Each court based its decision, at least partially, on 28 U.S.C. § 1446(b)'s plain language. Interpreting the phrase "or otherwise" to indicate clearly that service is not required to commence the 30–day time period for removal, the courts found it unnecessary to explore the ambiguous legislative history of the statute.

We agree with these courts and the many others that have found that the plain meaning of 28 U.S.C. § 1446(b) conclusively sets out the Receipt Rule. Following the basic principles of statutory interpretation in general and removal statute interpretation in particular, the Receipt Rule appears to be the most logical and appropriate interpretation of 28 U.S.C. § 1446(b). Moreover, the Court does not find that the Receipt Rule is manifestly unfair. As noted earlier, proper service did not enhance the Defendants' ability to determine whether the case was removable. Upon receipt of the courtesy copy of the complaint, Defendants had all information needed to make that determination. Plaintiff did not "trick" Defendants into losing their rights to removal by providing a courtesy copy of the complaint.

Defendants admit that they received courtesy copies of the complaint on January 22, 1997. They did not file their Petition for Removal until March 26, 1997, 63 days following receipt of the complaint. As such, Defendants' Petition for Removal is clearly untimely. Therefore, pursuant to 28 U.S.C. § 1447(c) the Court will remand this case to the Circuit Court for Montgomery County. The Court will not reach Defendants' Motion to Dismiss.

The Court denies Plaintiff's motion for costs and attorney fees. Such an award would be appropriate only when the nonremovability of the action was obvious. *Olsen v. Olsen*, 580 F.Supp. 1569 (D.C.Ind.1984). That is not the case in the instant action. As noted above, many courts have interpreted 28 U.S.C. § 1446(b) differently from this Court's interpretation of it. Defendants' filings, therefore, were not inappropriate.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion to Remand and deny Plaintiff's Motion for Costs and Attorney's Fees. In accordance with this Memorandum Opinion, it will be so ordered.

## ORDER

For the reasons set forth in the attached Memorandum Opinion, **IT IS** this 7th day of May, 1997, by the United States District Court for the District of Maryland, **ORDERED:**

1) That Plaintiff's motion to remand the action to state court BE, and the same hereby IS, GRANTED;

2) That Plaintiff's motion to impose costs on Defendants BE, and the same hereby IS, DENIED;

3) That this action BE, and the same hereby IS, REMANDED to the Circuit Court for Montgomery County;

4) That the Clerk of the Court CLOSE this case;

5) That the Clerk of the Court mail a copy of this Memorandum Opinion and Order to all parties of record.