Sallie C. ECCLES

v.

**NATIONAL SEMICONDUCTOR CORP.**

No. CIV. Y–98–373.

United States District Court, D. Maryland.

June 12, 1998.

Glen M. Fallin, Columbia, MD, for Plaintiff.

Jana Howard Carey, Scharon L. Ball, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

YOUNG, Senior District Judge.

### I.

Plaintiff, Sallie C. Eccles, sued Defendant National Semiconductor Corp. ("NSC") in the Circuit Court for Baltimore City, Maryland on January 4, 1996, alleging racial discrimination violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* NSC subsequently removed the case to this court on February 6, 1998. Currently pending before the Court are NSC's motion to dismiss under FED. R. CIV. P. 4(m), and Plaintiff's motion to remand and opposition to NSC's motion to dismiss.

The following facts are relevant to resolving these motions. As mentioned above, Plaintiff filed this case in state court on January 4, 1996. Plaintiff has not to date served the summons and complaint on NSC according to Maryland or federal law. Apparently, Plaintiff did not prosecute her case before the state court, because the state court, on November 25, 1997, issued a notice of contemplated dismissal pursuant to Maryland Rule 2–507. Plaintiff responded by filing a timely motion to defer dismissal in the state court.

NSC apparently possessed some source of extrajudicial knowledge of this litigation [1] after its filing, though the nature and source of this knowledge are not clear from the record. Moreover, NSC received a copy of the notice of contemplated dismissal on December 1, 1997. However, NSC did not receive a copy of the complaint filed in the state court until February 5, 1998, when it obtained a copy from the state court. The next day, NSC filed a notice of removal to this court pursuant to 28 U.S.C. § 1441.

NSC contends the Court must dismiss the case under FED. R. CIV. P. 4(m) because Plaintiff has failed to serve the complaint under Maryland or federal law within 120 days of filing the complaint in state court. Plaintiff, however, argues the Court must remand the case for lack of subject-matter jurisdiction because NSC did not timely file its notice of removal, thereby depriving the Court of removal jurisdiction.

### II.

 The question of subject-matter jurisdiction necessarily precedes any inquiry into the merits of a case. *Oregon v. Hitchcock,* 202 U.S. 60, 68, 26 S.Ct. 568, 569–570, 50 L.Ed. 935 (1906). Accordingly, the Court must first decide whether NSC timely removed the case from state court. Initially, the Court notes that its removal jurisdiction is "scrupulously confined," *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and the Court must remand the case if doubts exist about its removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). The party invoking removal jurisdiction bears the burden of proving facts sufficient to sustain removal. *Egle Nursing Home, Inc. v. Erie Ins. Group,* 981 F.Supp. 932, 933 (D.Md.1997), and cases therein cited.

### A.

The statute delineating the procedure for removal states:

> The notice of removal of a civil action ... shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). The second sentence of § 1446(b) provides that if the defendant cannot remove the case stated by the initial pleading, the defendant may file a notice of removal "within thirty days after receipt ... through service or otherwise, of a copy of an amended pleading, motion, order or other

---

**1.** Apparently, Plaintiff filed a related suit against NSC in the Circuit Court for Howard County, Maryland. However, that suit has not been removed to this court and is not the subject of this case.

paper from which it may first be ascertained that the case is ... removable." *Id.*

As with any other federal statute, the Court must look first to the plain language of § 1446(b) to discern Congress' intent, and if that intent is clear from the language, the Court may look no further to deduce the statute's meaning. *E.g., Good Samaritan Hosp. v. Shalala,* 508 U.S. 402, 409, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993). The plain language of § 1446(b) establishes a two-tiered timetable for removal of a state civil action to federal district courts. First, the defendant must file a notice of removal within thirty days after receipt through service or otherwise of the initial pleading (usually the complaint) establishing the removable claim. Second, if the complaint or initial pleading fails to state a removable claim, the defendant may remove within thirty days of receipt or service of any other paper from which the defendant may ascertain that the case is removable.

The Court must initially resolve the issue of whether the thirty-day period for removal begins upon service or upon receipt of the initial pleading to determine whether NSC's removal is timely under the first sentence of § 1446(b). Federal courts have split between the "receipt rule" and the "proper service rule," and the Fourth Circuit has not resolved this question. *See Egle,* 981 F.Supp. at 935; *see also Bowman v. Weeks Marine, Inc.,* 936 F.Supp. 329, 332–342 (D.S.C.1996) (describing history of each rule and surveying which courts have adopted each rule). However, most federal courts considering the issue, including the Fifth, Sixth, and Seventh Circuits, have adopted the receipt rule. *See Benton v. Washington Radiology Assocs.,* 963 F.Supp. 500, 501–02 (D.Md.1997); *Schwartz Bros., Inc. v. Striped Horse Records,* 745 F.Supp. 338 (D.Md. 1990).[2]

In *Striped Horse,* this court employed a three-tiered analysis to adopt the receipt rule. First, the court, following the plain meaning of the statute, found that the phrase "through service *or otherwise*" in § 1446(b) clearly evinced Congress' intent to start the removal clock running when the defendant receives a copy of the complaint or initial pleading setting forth the claim for relief, whatever the means of receipt. 745 F.Supp. at 340; *Benton,* 963 F.Supp. at 502. Second, the court found that this construction of § 1446(b) best achieved Congress' purpose in enacting this section—to establish a uniform system for removing cases to federal court. *Striped Horse,* 745 F.Supp. at 340. Additionally, as the *Benton* court noted, a copy of the complaint provides all the information needed to decide whether federal law permits removal in a given case. 963 F.Supp. at 502. Finally, the *Striped Horse* court found this construction consistent with the proposition, discussed above, that federal courts must narrowly construe removal jurisdiction, because the statute's primary aim is to start the removal period when the defendant receives notice of the action, not when the plaintiff commences the action. *Id.* (citing 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 3732, at 513, 516).

The Court finds the reasoning of *Benton* and *Striped Horse* compelling, and adopts their reasoning *in toto.* Moreover, the factual posture of this case displays another reason to adopt the receipt rule. Were the Court to follow the proper service rule here, it would never become removable because Plaintiff has not to date served NSC with the complaint, despite Plaintiff's initiation of the suit more than two years ago. Applying the proper service rule would permit Plaintiff effectively to hamstring NSC's right to remove through such dilatory tactics, despite the clear federal question presented.

---

2. In *Egle,* the Court, though noting this split among federal courts, did not reach this issue because the facts of that case clearly indicated that the defendant's notice of removal was untimely under either the receipt rule or the proper service rule. *Id.* at 935–36. In this case, however, the Court must resolve the issue. Should the receipt rule apply, NSC's notice of removal is timely because it was filed thirty days after NSC first received the complaint at the Baltimore City circuit courthouse. Should the proper service rule apply, the case is not yet ripe for removal under the first sentence of § 1446(b) because Plaintiff has not yet served NSC with the complaint.

Accordingly, the Court, following the reasoning of *Benton, Striped Horse,* and the majority of federal courts considering the issue, holds that the thirty-day period for filing a notice of removal under the first sentence of 28 U.S.C. § 1446(b) begins to run when the defendant receives through any means a copy of the initial pleading setting forth the claim for relief.

### B.

█ NSC timely filed its notice of removal under the receipt rule. As stated above, NSC first received a copy of the complaint on February 5, 1998, and filed its notice of removal the following day. Plaintiff, however, argues that NSC has not timely filed the notice of removal because NSC received a notice of contemplated dismissal from the state court on December 1, 1997. In support of its argument, Plaintiff relies on the second sentence of § 1446(b), contending that NSC's receipt of this notice from the state court, coupled with its actual knowledge of the allegations of the complaint stemming from the administrative proceedings before the filing of this suit, renders NSC's removal untimely because that notice revealed the removable claim to NSC.

As discussed above, the second sentence of § 1446(b) permits removal within thirty days after receipt of a copy of an amended pleading, motion, order, *or other paper* from which the defendant can discover the removability of the case, if the case stated by the initial pleading is not removable. *See also Neal v. Trugreen Limited Partnership,* 886 F.Supp. 527, 528 (D.Md.1995). Plaintiff's argument under this sentence fails. Turning first to the plain language of the statute, *see Good Samaritan Hosp., supra,* the second sentence of § 1446(b) does not apply because its language contemplates application only upon initial receipt of an initial pleading that fails to state a removable claim under the first sentence of § 1446(b), and later receipt of a document that reveals the basis for removal. Here, the Title VII claim was removable from the outset of the litigation, and Plaintiff neglected to ensure NSC's receipt of the complaint by service of process. Moreover, the structure of § 1446(b) implicitly contemplates the defendant's receipt of the initial pleading before the second sentence applies, because a defendant cannot know that the complaint fails to state a removable claim pursuant to the first sentence of § 1446(b) unless the defendant has previously received it. Contrary to Plaintiff's argument, NSC's actual knowledge of the nature of the facts leading to the claim is irrelevant. The statute's plain language contemplates receipt of documents. Of course, the defendant will, as a party to the transaction at issue, usually know of the facts producing the claim. Congress, however, chose to focus not on actual knowledge, but rather on receipt of documents sufficient to inform the defendant of the case's removability, when it enacted § 1446(b). The Court must honor Congress' choice.

█ Finally, even assuming that the second sentence of § 1446(b) applied here, Plaintiff's argument still fails. Under the second sentence of § 1446(b), the Court may not look beyond the four corners of the notice of contemplated dismissal to determine whether it imparted sufficient knowledge of the case's removability to NSC. *Lovern v. General Motors Corp.,* 121 F.3d 160, 162 (4th Cir.1997). The state court's notice falls far short of this standard. It contains absolutely no indication as to the complaint's allegations or the litigation's subject matter. It simply states that the state court will dismiss the proceeding for lack of jurisdiction or prosecution unless the parties show good cause to the contrary. *See* Def.'s Notice of Removal, Exh. A. The notice contains absolutely no hint of the federal question contained in the Title VII claim, and cannot, as a matter of law, suffice to impart knowledge of the case's removability to NSC.

For these reasons, the Court holds that NSC timely filed its notice of removal. Applying the receipt rule of the first sentence of § 1446(b), NSC's notice of removal is timely because it filed the notice one day after first receiving the complaint, and neither NSC's actual knowledge of the litigation's subject matter, nor its receipt of the notice of contemplated dismissal from the state court, triggers the second sentence of § 1446(b). Because NSC timely filed its notice of remov-

al, the Court possesses subject-matter jurisdiction, and will deny Plaintiff's motion to remand.

## III.

### A.

■ NSC urges the Court to dismiss the case because Plaintiff has not complied with FED. R. CIV. P. 4(m), which requires the Court to dismiss the case if the plaintiff fails to serve the summons and complaint upon the defendant within 120 days after filing the complaint. The Fourth Circuit recently stated that, absent good cause for the delay, federal district courts must dismiss cases which run afoul of Rule 4(m), and lack discretion to reach a contrary result. *Mendez v. Elliot,* 45 F.3d 75, 78–79 (4th Cir.1995).

■ Rule 4(m) governs cases originally filed in federal courts, and applies to removed cases after the date of removal. FED. R. CIV. P. 81(c); *Alber v. Illinois Dept. of Mental Health,* 786 F.Supp. 1340, 1376 (N.D.Ill.1992), and cases therein cited. Accordingly, contrary to NSC's argument, Rule 4(m)'s 120–day period for service begins to run on the date of removal. *Alber,* 786 F.Supp. at 1376; 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1137 at 83 & n. 1.1 (Supp. 1998). However, it is equally well-settled that state law governs the sufficiency and service of process before removal. *See Nealey v. Transportacion Maritima Mexicana,*

662 F.2d 1275, 1282 (9th Cir.1980) (process properly issued and served under state law remains sufficient after removal); *McKenna v. Beezy,* 130 F.R.D. 655, 656 (N.D.Ill.1989) (federal court may apply state law governing dismissal for lack of diligence to conduct occurring before removal). Rules 4(m) and 81, both as read together and as interpreted by federal courts, establish that state law governing service of process (and all other issues) applies before removal, and that federal law applies after removal. This scheme comports with 28 U.S.C. § 1448, which permits service of process upon "any one or more of the defendants" not previously served with process in the state proceedings "in the same manner as in cases originally filed in [the] district court." *Id.*[3]

### B.

Because state law applies to pre-removal conduct, the Court first analyzes the propriety of dismissal under Maryland Rule 2–507 for Plaintiff's failure to serve process within 120 days of filing the case in state court. Rule 2–507(b) permits the Circuit Courts of Maryland to dismiss a case when the plaintiff's failure to serve process within 120 days after its issuance deprives the state court of personal jurisdiction.[4] Although it is undisputed that Plaintiff did not comply with Rule 2–507(b), she argues that she meets Rule 2–507(e)'s "good cause" standard permitting deferral of dismissal, entitling her to proceed despite failing to serve process.

---

**3.** NSC, citing *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 167 (3rd Cir.1976), argues that Congress intended § 1448 to permit a federal court's issuance of process in multi-defendant cases only where the plaintiff serves one defendant before removal. *Id.* at 167. *Witherow,* however, ignores the plain language of § 1448, which permits process to be completed *or new process issued* upon one or more defendants who, *inter alia,* have *not been served with process* prior to removal. Nor does the *Witherow* court cite any authority indicating that Congress intended to limit the reach of § 1448 in this manner. The Court is not obliged to follow a decision of the Third Circuit, and the Court declines to follow *Witherow* based upon the foregoing analysis.

**4.** Prior to 1986, Plaintiff's failure to serve process in the state proceedings, and the state court's concomitant lack of personal jurisdiction,

would have deprived this court of personal jurisdiction under the derivative jurisdiction rule then applicable to removal cases. *E.g., Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). Congress abrogated the derivative jurisdiction rule as it related to this aspect of removal by enacting 28 U.S.C. § 1441(e) as part of the Judicial Improvements Act of 1985, Pub.L. No. 99–336, 100 Stat. 633, 637 (1986). *See also Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 232–33 n. 6 (4th Cir. 1993). However, § 1441(e) does not prevent NSC from raising the *state court's* lack of personal jurisdiction as a defense in this court after removal under FED. R. CIV. P. 81(c). *Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 157 n. 4 (2nd Cir.1996); *Nationwide Engineering & Control Sys., Inc. v. Thomas,* 837 F.2d 345, 347–48 (8th Cir.1988).

A litigant meets Rule 2–507(e)'s "good cause" standard by proving willingness to proceed with the prosecution of the claim, and that the delay is not completely unjustified. *Powell v. Gutierrez*, 310 Md. 302, 308, 529 A.2d 352, 355 (1987). Additionally, the trial court should consider whether the non-movant's delay has substantially prejudiced the movant. *Id.* at 309, 529 A.2d at 355.[5] Plaintiff's failure to serve process in state court for approximately two years after initiating the litigation clearly shows that she had no interest in seriously pursuing the matter in state court. Nor has Plaintiff proffered the slightest justification for her inexcusable delay. *See Byrne v. Amalgamated Transit Workers' Union*, 73 Md.App. 551, 561–62, 535 A.2d 503, 508 (1988), *overruled on other grounds by Thomas v. Ramsburg*, 99 Md. App. 395, 637 A.2d 863 (1994). As the *Powell* court noted, Maryland enacted Rule 2–507 to *weed out precisely this type of case.* 310 Md. at 308, 529 A.2d at 355. Accordingly, dismissal is appropriate under Maryland Rule 2–507 as applied to Plaintiff's pre-removal conduct.

Finally, even if Plaintiff were entitled to deferral of dismissal under Rule 2–507, the Court must still dismiss the action because she has not complied with the federal law governing service of process after removal. As stated above, the Federal Rules of Civil Procedure govern post-removal proceedings in this court, and grant Plaintiff 120 days after removal to effect any necessary service of process. NSC removed this case on February 6, 1998, and Plaintiff's deadline to serve process under the Federal Rules expired on June 6, 1998. Plaintiff's failure to serve process after removal deprives the Court of personal jurisdiction, and requires the Court to dismiss the case under FED. R. CIV. P. 4(m). *Mendez, supra*, 45 F.3d at 78–79.

## IV.

Based upon the foregoing analysis, the Court holds that it possesses subject-matter jurisdiction because NSC timely filed its notice of removal, but that it must dismiss the case under Maryland Rule 2–507 and FED. R. CIV. P. 4(m) because Plaintiff has never served process upon NSC. Accordingly, the Court will deny Plaintiff's motion to remand, will grant NSC's motion to dismiss, and will dismiss this case without prejudice.

## ORDER

In accordance with the attached Memorandum, it is this 12th day of June 1998, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion to Remand (Paper No. 18) BE, and it hereby IS, DENIED; and

2. That Defendant's Motion to Dismiss (Paper No. 12) BE, and it hereby IS, GRANTED; and

3. That the case BE, and it hereby IS, DISMISSED WITHOUT PREJUDICE; and

4. That copies of this Memorandum and Order be mailed to counsel for the parties.

---

**5.** NSC attempts to distinguish *Powell* on the ground that it concerned application of Rule 2–507(e) in a case involving dismissal under Rule 2–507(c) for lack of prosecution. However, nothing in the *Powell* opinion, or in the text of Rule 2–507(e), indicates that the standard used to analyze good cause under that Rule differs in cases involving failure to serve a defendant with process under Rule 2–507(b). Although this precise question appears to be one of first impres-

sion in Maryland, the Court, based upon the *Powell* decision, reasonably believes the Maryland Court of Appeals would utilize the same standard if squarely confronted with the same issue. Accordingly, the Court will apply that standard in this case. *See Reid v. Life Ins. Co. of N. America, Inc.*, 718 F.2d 677, 680 (4th Cir.1983); *United States ex rel. Joslin v. Community Home Health of Md., Inc.*, 984 F.Supp. 374, 381 (D.Md. 1997).