**Chad CARDEN, Plaintiff,**

v.

**WAL–MART STORES, INC., et al., Defendants.**

**Civil Action No. 5:08–0063.**

United States District Court, S.D. West Virginia, Beckley Division.

Sept. 5, 2008.

---

Greg A. Hewitt, Esquire, Hewitt & Salvatore, PLLC, Fayetteville, WV, for Plaintiff.

John L. MacCorkle, Esquire, Tanya Hunt Handley, Esquire, MacCorkle, Lavender & Sweeney, PLLC, Charleston, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

R. CLARKE VanDERVORT, United States Magistrate Judge.

Defendant Wal–Mart Stores, Inc. [Wal–Mart][1], removed this matter to the District Court from the Circuit Court of Raleigh County West Virginia on January 25, 2008. (Document No. 1.) Pending are Plaintiff's Motion to Remand (Document No. 8.), Defendant Wal–Mart's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 2.) and Defendant Hodge's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (Document No. 4.). The parties have filed Responses and Replies, and the pending Motions are ready for consideration. For the reasons set forth below, the undersigned finds that Mr. Hodge is a non-diverse Defendant and not fraudulently joined. The District Court is therefore without jurisdiction because, Plaintiff and Mr. Hodge being citizens of West Virginia, there is not complete diversity between the adverse parties. The Court grants Plaintiff's Motion to Remand (Document No. 8.) and remands this matter to the Circuit Court of Raleigh County for further proceedings including, as may be appropriate, consideration of the Defendants' Motions to Dismiss pursuant to Rule 12 of the Rules of Civil Procedure.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 20, 2007, Plaintiff filed a Complaint in the Circuit Court of Raleigh County naming as Defendants Wal–Mart and Mr. Eric Hodge. Plaintiff alleges that Mr. Hodge was "the agent and/or representative for Wal–Mart ... responsible for implementing policy and for maintaining the property in a safe and secure manner. His actions are directly attributable to his employer, Wal–Mart." Plaintiff alleges that on or about November 29, 2006, he was at the MacArthur location of Wal–Mart and "was allowed to leave operating a handicapped accessible cart to his vehicle." As he was doing so, he alleges that he was hit by a vehicle. Plaintiff asserts that "[i]t is against Wal–Mart policy to allow individuals to use and /or operate and/or take handicapped carts out of the store." He charges that "Defendants were negligent and breached a duty owed to Plaintiff by allowing the cart to exit the store." He further charges that other persons had been injured in a similar manner, and therefore Defendants knew of the risk. Plaintiff alleges that as a consequence of Defendants' negligence, he suffered serious permanent injuries, pain and mental and emotional distress and lost wages and incurred more than $50,000 in medical expenses and expects to incur more medical expenses. Plaintiff also seeks punitive damages.

On January 25, 2008, Wal–Mart filed a Notice of Removal of this matter from the Circuit Court of Raleigh County, West Virginia (Document No. 1.) and a Motion to Dismiss and Memorandum in Support (Document Nos. 2 and 3.) and Mr. Hodge filed a Motion to Dismiss for Insufficiency of Service of Process and a Memorandum in Support. (Document Nos. 4 and 5.) In its Notice of Removal, Wal–Mart states that Plaintiff is a West Virginia resident and it is a Delaware Limited Partnership with its principal place of business in Bentonville, Arkansas. Wal–Mart states that Mr. Hodge is a West Virginia resident and asserts that Mr. Hodge is fraudulently joined contending basically that Plaintiff has not stated and cannot state a cause of action against Mr. Hodge under West Virginia law. Thus, Wal–Mart states that,

---

1. Wal–Mart states that Plaintiff has incorrectly referred to it as "Wal–Mart Stores, Inc." in his Complaint. Wal–Mart states that its name is "Wal–Mart Stores East, LP".

disregarding the fraudulently joined party, Mr. Hodge, there is complete diversity as between the adverse parties. Wal–Mart further asserts that it is evident in Plaintiff's demands that the amount in controversy exceeds the jurisdictional amount of $75,000. Accordingly, Wal–Mart states, the District Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Wal–Mart seeks dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Document No. 2.) Wal–Mart describes the factual basis underlying Plaintiff's Complaint as follows (Document No. 3):

> [T]he individual who hit [Plaintiff] was actually the Plaintiff's friend, Billy Canaday, the handicapped person for whom Plaintiff was going to get the handicapped accessible cart. Mr. Canaday attempted to park the car they had arrived in together while Plaintiff retrieved the cart. When the Plaintiff was bringing the handicapped accessible cart to the car for his friend, the Plaintiff told Mr. Canaday that he had parked the car incorrectly in the handicapped parking space and that he needed to move the car. It was at this time that Mr. Canaday apparently accidently placed the car in drive, rather than reverse, and struck the Plaintiff, who had positioned the cart in front of the vehicle.

Wal–Mart urges that the circumstances do not evidence that the accident in which Plaintiff was injured was caused by any breach of duty which Wal–Mart owed to Plaintiff under common law or Wal–Mart's policy as Plaintiff claims. Rather, Wal–Mart suggests that the accident occurred as a consequence of Mr. Canaday's negligent operation of the car.

Mr. Hodge seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) claiming that he was not served with the Summons and Complaint in conformity with Rule 4 of the West Virginia Rules of Civil Procedure. (Document No. 4.) Mr. Hodge claims that the Summons and Complaint were delivered to another Wal–Mart employee at the Wal–Mart store. They were not served upon him personally or a member of his family at his residence as West Virginia Rule of Civil Procedure 4(d) requires. (Document No. 5.) Mr. Hodge attaches a copy of the Personal Affidavit of Mr. Paul Roop to his Memorandum in Support indicating that on December 28, 2007, Mr. Roop delivered a copy of the Summons and Complaint intended for Mr. Hodge to Mr. Sweeney, the Chief of Security at the MacArthur, West Virginia, Wal–Mart.

On February 25, 2008, Plaintiff filed a Motion to Remand this matter to the Circuit Court of Raleigh County and a Memorandum in Support of his Motion to Remand and Response to Wal–Mart's Motion to Dismiss. (Document Nos. 8 and 9.) In requesting remand (Document No. 8.), Plaintiff states that Wal–Mart admits that Mr. Hodge is a West Virginia resident and the Defendants "acknowledge that a manager can be held liable for safety issues with regard to maintaining the premises." Plaintiff states that "as clearly indicated by the Complaint, Eric Hodge is alleged to be responsible for implementing policy and maintaining the property in a safe and secure manner. Clearly, maintaining the property in a safe manner is consistent with cases cited in Defendant's Notice of Removal." In his Memorandum (Document No. 9.), Plaintiff disputes Wal–Mart's contention that he has failed to state a claim for which relief may be granted indicating that West Virginia law defining the responsibility of a business to a customer/invitee establishes his cause of action. Plaintiff further attaches his Affidavit stating that "I have spoken to more than one individual from Walmart since this incident and was told it was against company policy

to allow the carts to exit the building." In addition to remand, Plaintiff requests an award of his "fees and costs incurred herein." [2]

Plaintiff also filed Responses to Wal-Mart's and Mr. Hodge's Motions to Dismiss. (Document Nos. 10 and 11.) In his Response to Wal-Mart's Motion to Dismiss (Document No. 10.), Plaintiff basically reiterates that case law establishes the basis for his claims and states that "a Motion to Dismiss/Summary Judgment without any discovery being conducted is viewed unfavorably under West Virginia law." In response to Mr. Hodge's Motion to Dismiss for insufficiency of process (Document No. 11.), Plaintiff states that "[s]ince the filing of the motion, service has personally been effected on Defendant Eric Hodge, thus making this motion moot." Plaintiff attaches a copy of a further Personal Affidavit of Mr. Roop indicating that Mr. Roop served a copy of a Summons and Complaint upon Mr. Hodge on February 22, 2008, at the Wal-Mart store. It appears that, though this matter had been removed to the District Court and was no longer pending in the Circuit Court of Raleigh County, Mr. Roop served a State Court Summons and the Complaint upon Mr. Hodge then from Mr. Roop's reference to the Raleigh County Circuit Court's case number at the top right corner of his Personal Affidavit. It does not appear from the District Court's Docket Sheet in this case that Plaintiff obtained a Federal Summons from the Office of the Clerk of the Court as the Clerk would make the Summons as issued a matter of record in this matter.

On March 4, 2008, Wal-Mart filed a Response to Plaintiff's Motion to Remand (Document No. 12.) and a Reply to Plaintiff's Response to its Motion to Dismiss (Document No. 13.). In its Response to Plaintiff's Motion to Remand, Wal-Mart states that "[t]he only issue before the Court is whether the Defendant, Eric Hodge, who is alleged to have been 'the agent and/or representative for Wal-Mart and was responsible for implementing policy and for maintaining the property in a safe and secure manner[,]' was fraudulently joined by the Plaintiff in an attempt to defeat this Court's diversity jurisdiction." In opposing Plaintiff's Motion to Remand, Wal-Mart asserts basically the same grounds as it did in requesting dismissal, namely that Plaintiff's injury was the consequence of Mr. Canaday's negligence and no negligence of Wal-Mart or Mr. Hodge can be said to have contributed to it. Wal-Mart makes essentially the same assertions in its Reply to Plaintiff's Response to its Motion to Dismiss (Document No. 13.). Wal-Mart states that "the Plaintiff has failed to show that any conduct allegedly engaged in by Wal-Mart was the proximate cause of his injuries. Again, the sole precipitating cause of the Plaintiff's alleged accident and injuries was the Plaintiff being 'hit by a vehicle driven by his friend. In this case, that event would have occurred regardless of whether the Plaintiff was in a handicapped accessible cart or not. Consequently, any alleged Wal-Mart store policy had nothing to do with the Plaintiff's alleged accident and injuries." The Defendants have not filed any reply to Plaintiff's Response to Mr. Hodge's Motion to Dismiss. The parties have consented to proceed before a United

---

**2.** 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any expenses, including attorney fees, incurred as a result of the removal." The standard for determining whether an award of attorney fees and costs is appropriate is whether "a 'cursory examination would have revealed' a lack of federal jurisdiction." *In re Lowe,* 102 F.3d 731, 733 fn. 2 (4th Cir.1996), *quoting Husk v. E.I. Du Pont De Nemours & Co.,* 842 F.Supp. 895, 899 (S.D.W.Va.1994).

States Magistrate Judge. (Document Nos. 15 and 17.)

## DISCUSSION

### A. *Service of Process Upon Mr. Hodge.*

Before the Court can consider whether Mr. Hodge has been fraudulently joined, the Court must preliminarily consider the circumstances respecting service of process, a Summons and copy of the Complaint, upon him, the *sine qua non* of the removal/remand issues.[3] After all, if Mr. Hodge has been properly served, the Court can consider the fraudulent joinder issue and remand the case if it finds that Mr. Hodge has not been fraudulently joined or if the Court finds that he has, dismiss the action against Mr. Hodge and move on to consideration of Wal–Mart's Motion to Dismiss. If Mr. Hodge has not been properly served, Plaintiff's Motion to Remand is without any basis as Mr. Hodge is not a party to these proceedings, and Wal–Mart's removal must stand unless Plaintiff serves Mr. Hodge properly hereafter.

Federal Rule of Civil Procedure 81(c)(1) provides that "[t]hese rules apply to a civil action after it is removed from a state court." Thus, as a general matter, while State Court Rules of Civil Procedure apply to civil cases initiated in State Court prior to their removal to Federal Court, the Federal Rules of Civil Procedure apply and govern procedure in matters removed to Federal Court from State Court. *Eccles v. Nat'l Semiconductor Corp.,* 10 F.Supp.2d 514, 519 (D.Md.1998)("Rules 4(m) and 81, both as read together and as interpreted by federal courts, establish that state law governing service of process (and all other issues) applies before removal, and that federal law applies after re-

moval. This scheme comports with 28 U.S.C. § 1448....") 28 U.S.C. § 1448 provides as follows:

In all cases removed from the State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

When service of process in the State Court was not perfected or in conformity with State law and therefore was defective prior to removal, Section 1448 contemplates that the Plaintiff may (1) complete the process, *Cline v. North Central Life Ins. Co.,* 2006 WL 1391433 (S.D.W.Va.)(District Judge Copenhaver)("[Section 1448] would seem to allow for completion after removal of service of state court process issued prior to removal. * * * In any event, failure of service does not compel dismissal. Because the statute provides that 'such process or service may be completed or new process issued in the same manner as in cases originally filed' in federal court, the court may retain jurisdiction over the action and direct plaintiff to re-serve defendant as permitted by Rule 4." (Citations omitted)) or (2) obtain a Summons in the Federal Court to which the matter has been removed and serve it in accordance with the Federal Rules of Civil Procedure, *Brazell v. Green,* 67 F.3d 293, 1995 WL 572890 (C.A.4 (S.C.))(Unpublished decision vacating and remanding the District Court's dismissal for insufficiency of service of process prior to removal to allow Plaintiff to re-serve defendants in accordance with Federal Rule of Civil Proce-

---

**3.** The Court does so in consideration of the removal/ remand issues under 28 U.S.C. §§ 1441, *et seq.,* not in consideration of Mr. Hodge's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5).

dure 4.) *See also Randolph v. Hendry*, 50 F.Supp.2d 572, 579–580 (S.D.W.Va.1999)(District Judge Goodwin).

In view of Plaintiff's attempt to re-serve Mr. Hodge personally after Mr. Hodge moved to dismiss for insufficiency of service pursuant to Rule 12(b)(5) rather than contest Wal–Mart's Motion, it appears to be conceded that Mr. Hodge was not properly served with the State Court Summons and Complaint prior to removal. Service of process upon Mr. Hodge was therefore initially defective. When Mr. Hodge made an issue of it in this Court, Plaintiff apparently chose to complete service utilizing State Court process issued prior to removal and accomplished service of process upon Mr. Hodge in conformity with the West Virginia Rules of Civil Procedure by delivering a Summons and a copy of the Complaint to him personally.[4] The Court finds that Plaintiff's completion of service utilizing State Court process complies with Section 1448 as it has been construed and applied in this District. The Court further notes that Mr. Hodge has made no further objection to Plaintiff's re-service of process and therefore it appears that he concedes that he has now been properly served. Mr. Hodge is legitimately a party to this action, and it is appropriate to consider Wal–Mart's claim that he has been fraudulently joined and Plaintiff's Motion to Remand.

### B. *Fraudulent Joinder.*

■■■ 28 U.S.C. § 1332(a)(1) provides limitations upon the jurisdiction of Federal District Courts as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]

Removal of State Court actions to Federal District Courts pursuant to 28 U.S.C. §§ 1441, *et seq.*, is only appropriate if they meet the jurisdictional requirements of Section 1332. The doctrine of fraudulent joinder constitutes an exception to the requirement that the actions be "between . . . citizens of different states[.]" Under the fraudulent joinder doctrine, the District Court may assume jurisdiction notwithstanding a lack of complete diversity of citizenship as between the plaintiff(s) and the defendant(s) and upon finding fraudulent joinder of the defendant(s), may dismiss the fraudulently joined non-diverse defendant(s). To prove fraudulent joinder, a defendant must show that there is *"no possibility* that the Plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the Plaintiff's pleading of jurisdictional facts." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir.1999)(Emphasis in the decision), *quoting Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993). The burden of proving fraudulent joinder is a heavy one. *Mayes* at 464; *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)("The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and

---

**4.** The Court notes that Federal Rule of Civil Procedure 4(e)(1) provides that ". . . an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" By serving Mr. Hodge personally in accordance with Rule 4 of the West Virginia Rules of Civil Procedure, Plaintiff's service was in conformity with the Federal Rules of Civil Procedure. Had he chosen to proceed under the Federal Rules of Civil Procedure, Plaintiff would have obtained a Summons from the Office of the Clerk of this Court and then served Mr. Hodge in the same fashion.

fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." (Citation to *Marshall v. Manville Sales Corp.* omitted.)). Thus, "[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit. Any shades of gray are resolved in favor of remand." *Addison v. Amonate Coal Co., Inc.,* 2008 WL 2787716, \*2 (S.D.W.Va. Jul. 16, 2008)(District Judge Faber) *quoting Harmon v. ING.,* 2005 WL 3133492, \*3 (S.D.W.Va. Nov. 23, 2005)(District Judge Copenhaver). In considering whether a defendant has been fraudulently joined "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Centers v. Group W. Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir.1990), *quoting Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir.1964).

■ The question presented by Wal-Mart's removal of this matter on grounds that Mr. Hodge is fraudulently joined and Plaintiff's Motion to Remand is whether there is *"no possibility* that the Plaintiff would be able to establish a cause of action against [Mr. Hodge] in [the West Virginia] court[.]" In *Doe v. Wal–Mart Stores, Inc.,* 198 W.Va. 100, 479 S.E.2d 610 (1996), the West Virginia Supreme Court of Appeals reversed and remanded the Raleigh County Circuit Court's dismissal of Wal–Mart and its manager on grounds that the plaintiff, alleging that she was abducted from a parking lot outside the store and sexually assaulted, failed to state a claim against them for which relief could be granted. Relying upon its decision in *Puffer v. Hub Cigar Store,* 140 W.Va. 327, 84 S.E.2d 145 (1954), which defines the duty which the possessor of business premises owes to its invitees, the West Virginia Supreme Court stated that "if Wal–Mart and Wal–Mart's manager also in some way participated in the possession of the parking lot and opened it to business invitees in conjunction with the conduct of the Wal–Mart business on the overall premises, the Court believes that it could be held liable. . . ." *Doe v. Wal–Mart Stores, Inc.,* 198 W.Va. at 108, 479 S.E.2d at 618. Thus, the West Virginia Supreme Court concluded that the plaintiff stated a cause of action against Wal–Mart and the manager. In view of *Doe v. Wal–Mart Stores, Inc.,* the District Court has previously remanded an action which Wal–Mart removed back to the West Virginia Circuit Court. *McKean v. Wal–Mart Stores, Inc.,* 2005 WL 1785260 (S.D.W.Va.)(District Judge Copenhaver). *See also Bailey v. Wal–Mart Stores East, L.P.,* 2005 WL 2405948 (S.D.W.Va.)(District Judge Goodwin).

Plaintiff charges that Wal–Mart and Mr. Hodge, its manager at the MacArthur store, acted negligently and in violation of company policy in supervising his use of Wal–Mart's handicapped accessible cart and consequently he was injured while driving the cart in Wal–Mart's parking lot when Mr. Canaday accidentally hit him with his vehicle. If, as the West Virginia Supreme Court found in *Doe,* a cause of action is stated when an invitee complains of injuries suffered as a consequence of criminal conduct which occurred on premises controlled by Wal–Mart and its manager, then it is beyond peradventure that a cause of action is stated against Wal–Mart and its manager when, as in the case *sub judice,* an invitee complains of injuries as a consequence of negligent conduct which occurred there. The circumstances in this case do not indicate therefore that there is *"no possibility* that the Plaintiff would be able to establish a cause of action against [Mr. Hodge] in [the West Virginia] court[.]" Mr. Hodge was not fraudulently joined. Mr. Hodge is a non-diverse Defendant, and the District Court is without

jurisdiction over this matter for lack of complete diversity of citizenship as required under 28 U.S.C. § 1332(a)(1). Accordingly, this matter must be remanded to the Circuit Court of Raleigh County, West Virginia.

It is therefore hereby **ORDERED** that Plaintiff's Motion to Remand (Document No. 8.) is **GRANTED,** this matter is **REMANDED** to the Circuit Court of Raleigh County for further proceedings including, as may be appropriate, consideration of the Defendants' Motions to Dismiss pursuant to Rule 12 of the Rules of Civil Procedure and any other matters raised herein and this matter is removed from the docket of the Court. It is further **ORDERED** that if Plaintiff wishes to proceed upon his request for an award of attorney fees and costs incurred herein pursuant to 28 U.S.C. § 1447(c), he shall file a Motion and Memorandum in Support asserting his request and reasons therefor in view of the standard noted above including an itemized statement of the fees and costs which he has incurred herein by Friday, September 26, 2008. Wal–Mart and Mr. Hodge shall have until Friday, October 10, 2008, to file a Response. Plaintiff may file a Reply to their Response by Friday October 17, 2008.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.